## Peter, a Slave, *v.* The State.

The statute of this state authorizing the parties to select a member of the bar to set in civil cases, when the presiding judge has been interested in the cause, does not apply to criminal prosecutions.

IN ERROR from the circuit court of the county of Franklin.

Peter, a slave, was indicted and convicted at the May term 1841, of said court, of the murder of Samuel Harvey.

The presiding judge of the court having formerly been interested in the case as counsel, by consent of the counsel for the prisoner and for the state, C. McClure, Esq. was selected, under the statutes of 1840 and 1841, to preside at the trial of the cause, which is now assigned as error, and it is insisted that the statute applies only to civil suits.

Vannerson and Webber, for plaintiff in error.

Attorney General, contra.

Opinion of the court by TURNER, Justice.

This case will be disposed of on the ground of the incompetency of the person who presided as a judge at the trial of the plaintiff in error. The attorney general, in argument, admitted that in capital cases no such substitution can take place, as was done in this case, and this court is of that opinion. A circuit judge, regularly elected and qualified, is the only person competent to preside as a judge in criminal cases. The constitution and laws of the state have made ample provision for the trial of all cases. Where a circuit judge is rendered incompetent to preside in any particular case, a judge from another circuit can be called in.

Peter, a Slave, *v.* The State.

The constitutional modes of appointment must be observed strictly; and we do not consider that the legislature, by the act of 1841, p. 217, in prescribing that the provisions of the act of 1840, made in relation to the chancery court, which has jurisdiction only in civil causes, intended to apply the provisions of that act to criminal cases: and jurisdiction in capital cases cannot be taken or exercised by mere inference or analogy.

If this point was seriously controverted, it might be proper for the court to give a more full and detailed opinion.

The judgment is reversed, and the prisoner remanded to Franklin county, and a venire de novo awarded.